UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI SHOJAIE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEH JOHNSON, in his official capacity as ) <br> Secretary of the Department of Homeland Security, ) <br> ) <br> LEON RODRIGUEZ, in his official capacity as ) <br> Director of U.S. Citizenship and Immigration ) <br> Services, and ) <br> ) <br> NICHOLAS COLUCCI, in his official capacity as ) <br> Chief of the U.S. Citizenship and Immigration ) <br> Services, Immigrant Investor Program, and ) <br> ) <br> JOHN KERRY, in his official capacity as ) <br> Secretary of U.S. Department of State ) <br> ) <br> Defendants. ) | CASE NO.: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

**COMPLAINT FOR WRIT OF MANDAMUS**

Plaintiff Ali Shojaie ("Plaintiff"), by and through his attorneys, the Law Offices of Kameli & Associates, P.C., respectfully requests an Order directing Defendants Jeh Johnson, Leon Rodriguez, Nicholas Colucci, and John Kerry (collectively, the "Defendants") to perform their non-discretionary duties to complete the adjudication of Plaintiff's Form I-526 Immigrant Petition by Alien Entrepreneur ("Form I-526") and to issue or refuse Plaintiff's immigrant visa and the immigrant visa of Plaintiff's wife, Sara Javidnia (the "Beneficiary"). In support thereof, Plaintiff alleges and states as follows:

1

**JURISDICTION AND VENUE**

1. This is a civil action brought pursuant to 28 U.S.C. § 1361 to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, and to compel Defendants, as officers of the United States, to perform their duty owed to Plaintiff. As this Court is a district court of the United States and this action arises under 28 U.S.C. § 1361, and a law of the United States, namely the Immigration and Nationality Act ("INA"), this Court is conferred jurisdiction.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction is additionally conferred upon this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704 and 706.

4. Venue is proper under 28 U.S.C. § 1391(e)(3) because no real property is involved in the action, Defendants are acting in their official capacity as agents of the United States Government, and Plaintiff intends to reside in Chicago, Illinois upon issuance of an immigrant visa. Additionally, the U.S. Department of State ("DOS") has availed itself to the State of Illinois by maintaining an office at 230 S. Dearborn Street Suite 2318, Chicago, Illinois 60604. Further, U.S. Citizenship and Immigration Services ("USCIS") has availed itself to the State of Illinois by maintaining an office at 101 W. Congress Parkway, Chicago, Illinois 60605

**PARTIES**

5. Plaintiff Ali Shojaie, an individual born on September 10, 1981 in the Islamic Republic of Iran, seeks to immigrate to the United States through USCIS' EB-5 Immigrant Investor Program ("EB-5 Program") with the Beneficiary. Plaintiff and Beneficiary intend to reside in Chicago, Illinois upon issuance of their respective immigrant visas.

6. Defendant Jeh Johnson is Secretary of the United States Department of Homeland Security ("DHS") and has the ultimate authority over the operations of DHS. In that capacity, he is responsible for the administration and enforcement of the immigration laws of the United States. Defendant Johnson is sued in his official capacity.

7. Defendant Leon Rodriguez is Director of USCIS and has ultimate authority over the operations of USCIS within DHS. In that capacity, he is responsible for the administration of immigration and citizenship benefits. Defendant Rodriguez is sued in his official capacity.

8. Defendant Nicholas Colucci is the Chief of the USCIS Immigrant Investor Program Office located in Washington D.C. In that capacity, he is responsible for and oversees all activities regarding the EB-5 Program, including the adjudication of the Petition. Defendant Colucci is sued in his official capacity.

9. Defendant John Kerry is Secretary of State and has the ultimate authority over the operations of DOS. In that capacity, he is responsible for the overall administration of DOS, including the Bureau of Consular Affairs, which is responsible for the issuance of immigrant visas under the immigration laws of the United States. Defendant Kerry is sued in his official capacity.

## STATUTORY AND REGULATORY FRAMEWORK

### Filing a Form I-526 Immigrant Petition by Alien Entrepreneur

10. An alien may file an application for an immigrant investor visa under 8 U.S.C. § 1153(b)(5).

11. Pursuant to said application, an alien's spouse and children under the age of 21 may obtain a derivative immigration visa. An alien's spouse is "entitled to the same status, and

the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent." 8 U.S.C. § 1153(d).

12. Procedurally, the alien must first submit an immigrant visa petition, such as Form I-526, along with supporting documentation to USCIS. 8 C.F.R. § 204.6(a).

13. The supporting documentation is comprised of evidence demonstrating the alien's and his or her spouse's and children's visa eligibility.

14. Once a Form I-526 Immigrant Petition by Alien Entrepreneur has been properly submitted, USCIS must either approve or deny the Petition. *See* 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision, and, if the petition is denied, of the reasons for the denial and of the petitioner's right of appeal to the Associate Commissioner for Examinations in accordance with the provisions of part 103 of this chapter.").

15. Only when a Form I-526 Immigrant Petition by Alien Entrepreneur is approved is it forwarded to the National Visa Center ("NVC"), at which point the petitioner may continue with the process of seeking an Immigrant Visa on the basis of the approved underlying Form I-526 Immigrant Petition by Alien Entrepreneur.

**Consular Processing**

16. An alien may file an application for an immigrant investor visa under 8 U.S.C. § 1153(b)(5).

17. Pursuant to said application, an alien's spouse and children under the age of 21, if any, may obtain a derivative immigration visa. An alien's spouse is "entitled to the same status, and the same order of consideration provided in the respective subsection, if accompanying or following to join, the spouse or parent." 8 U.S.C. § 1153(d).

18. Procedurally, the alien must first submit an immigrant visa petition, such as the Form I-526, along with supporting documentation to USCIS. 8 C.F.R. § 204.6(a).

19. The supporting documentation is comprised of evidence demonstrating the alien's and his or her spouse's and the visa eligibility of the alien's children under the age of 21.

20. Once a Form I-526 Immigrant Petition by Alien Entrepreneur has been properly submitted, USCIS must either approve or deny the Petition. *See* 8 C.F.R. § 204.6(k) ("The petitioner will be notified of the decision, and, if the petition is denied, of the reasons for the denial and of the petitioner's right of appeal to the Associate Commissioner for Examinations in accordance with the provisions of part 103 of this chapter.").

21. Only when a Form I-526 Immigrant Petition by Alien Entrepreneur is approved is it forwarded to the National Visa Center ("NVC"), at which point the petitioner may continue with the process of seeking an Immigrant Visa on the basis of the approved underlying Form I-526 Immigrant Petition by Alien Entrepreneur.

22. The NVC then sends the petitioner additional forms to complete and fees to pay.

23. Among these forms was the DS-230, Application for Immigrant Visa and Alien Registration, (now the DS-260, Immigrant Visa Electronic Application) wherein the alien and his beneficiaries formally apply for the immigrant visas.

24. After the forms are submitted and the fees are paid, the NVC forwards the case to a United States consulate and schedules the alien and his beneficiaries for an immigrant visa interview with a consular officer.

25. Once a visa application has been properly completed, including the immigrant visa interview, the Code of Federal Regulations mandates that a United States consular officer either issue or refuse the application. 22 C.F.R. § 42.81(a)

26. Section 42.81(a) of the Code of Federal Regulations is entitled "issuance or refusal mandatory" and specifically provides:

> When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer *must either issue or refuse* the visa under INA 212(a) or INA 221(g) or other applicable law. Every refusal must be in conformance with the provisions of 22 C.F.R. 40.6.

22 C.F.R. § 42.81(a) (emphasis added).

27. The U.S. Department of State Foreign Affairs Manual ("Foreign Affairs Manual") provides that "[t]here are no exceptions to the rule that once a visa application has been properly completed and executed before a consular officer a visa must be either issued or refused." 9 FAM 42.81 N1.

28. The Foreign Affairs Manual further provides:

> [A]ny alien to whom a visa is not issued by the end of the working day on which the application is made, or by the end of the next working day if it is normal post procedure to issue visas to some or all applicants on the following day, must be found ineligible under one or more provisions of INA 212(a), 212(e), or 221(g).

9 FAM 42.81 N1.

29. The Foreign Affairs Manual unambiguously provides "[t]here is no such thing as an informal refusal or a pending case once a formal application has been made." 9 FAM 42.81 N1(4).

30. Finally, should an immigrant visa application be refused, section 212(b) of the Immigration and Nationality Act ("INA") requires that an officer provide the alien with a timely written notice that states the determination and lists the provisions of law under which the alien is deemed to be inadmissible. 8 U.S.C. § 1182(b).

**Revocation of a Form I-526, Immigrant Petition By Alien Entrepreneur**

6

31. If a United States consular office knows or has reason to believe that an applicant is not entitled to the accorded status, then they must send the original immigration petition (here, an I-526 Petition) back to USCIS through the NVC. 9 FAM 42.43 PN1a.

32. The section of the FAM entitled "Returning Petitions for Possible Revocation" specifically provides:

> If U.S. Citizenship and Immigration Services (USCIS) requests the return of a visa petition, or if you know or have reason to believe, that the alien beneficiary of an approved petition is not entitled to the accorded status, you will return the petition to USCIS through the National Visa Center (NVC). (See 9 FAM 42.43 N3.) No petition revocation requests should be sent directly to USCIS in the United States.

9 FAM 42.43 PN1a.

33. If a petition is sent back to USCIS through NVC, then USCIS must provide the petitioner with a notice of intent to revoke (an "NOIR") and give the petitioner a reasonable amount of time to respond. AFM § 20.3(b)(1).

34. The AFM further provides:

> After the petition has been retrieved, you must notify the petitioner of your intent to revoke the petition. The letter should fully explain the reasons for the revocation and give the petitioner a reasonable period of time (usually 30 days) to submit evidence in opposition to the revocation. Additional time may be granted if the petitioner needs it to obtain documentation from abroad or other meritorious reasons. An A-file should be created to house the petition while waiting for the response.

AFM § 20.3(b)(1).

35. If the petitioner responds and satisfies USCIS that the visa petition approval should not be revoked, USCIS is to advise the petitioner of its decision to reaffirm the petition by letter. If the petition was retrieved from a United States consular office, USCIS is to return the petition to the United States consular office with copies of USCIS' letter of intent to revoke, the petitioner's response, and USCIS' letter of reaffirmation. AFM § 20.3(b)(2).

7

36. Until USCIS indicates that the visa petition approval should not be revoked or until a final judgment on the visa petition has been made by USCIS, the visa petition remains un-adjudicated by USCIS.

37. Once a United States consular office receives a reaffirmed petition from USCIS, the case must be processed to a conclusion unless the United States consular office has additional factual evidence to deny visa eligibility. 9 FAM 42.43 N4.

38. Section 42.43 N4 of the FAM, entitled "Reaffirmation of Visa Petitions," specifically provides:

> If USCIS reaffirms a petition which has been returned, and you have no additional factual evidence to submit to support the belief that an alien is not entitled to status, except in the rare case discussed in 9 FAM 42.43 N4.1 below, you will process the case to conclusion.

9 FAM 42.43 N4.

## FACTUAL BACKGROUND

39. Plaintiff filed the Form I-526 with USCIS on or about January 17, 2013. **Exhibit A**.

40. Plaintiff demonstrated in the Form I-526 that he and the Beneficiary fulfilled all of the statutory and regulatory requirements for the approval of the Form I-526.

41. USCIS initially approved Plaintiff's Form I-526 on December 18, 2013, **Exhibit B**, and USCIS then forwarded Plaintiff's Form I-526 to NVC for further processing.

42. Plaintiff submitted his EB-5 visa application on February 20, 2014, and NVC completed its initial review of it on or about March 21, 2014.

43. On June 26, 2014, Plaintiff attended his scheduled interview at the United States Embassy in Yerevan, Armenia (the "Embassy").

44. Upon information and belief, the Embassy returned Plaintiff's Form I-526 to USCIS via NVC in August of 2015.

45. USCIS has already approved all aspects related to Plaintiff's Form I-526, including all aspects related to Plaintiff's source of investment funds and to the "new commercial enterprise," as defined at 8 C.F.R. § 204.6 , in which Plaintiff invested. *See* **Exhibit B**.

46. As of May 31, 2015, the average processing times for a Form I-526 is approximately 13.4 months. **Exhibit C**.

47. Upon information and belief, USCIS has still not made a decision whether to deny or to approve the Plaintiff's Form I-526 to date.

48. Defendants' decision to approve or deny Plaintiff's Form I-526 has been pending for approximately thirty-one (31) months to date.

## CLAIMS FOR RELIEF

49. Where a plaintiff has demonstrated that (1) he has a clear right to relief requested; (2) that defendants have a clear duty to perform the act in question; and (3) no other adequate remedy is available, the plaintiff is entitled to a writ of mandamus. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002); *see also* Burnett v. Bowen, 830 F.2d 731, 739 (7th Cir. 1987).

50. Plaintiff has a clear right to the relief requested, the adjudication of Plaintiff's Form I-526 and the issuance or refusal of Plaintiff's and Beneficiary's respective immigrant visas.

51. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, are unlawfully withholding or unreasonably delaying the final adjudication of Plaintiff's Form I-526 as well as a final decision on Plaintiff's and the Beneficiary's respective immigrant visa applications.

52. Defendants have not completed the adjudicative functions delegated to them by the laws of the United States with regard to the Form I-526 and Plaintiff's and the Beneficiary's respective immigrant visa applications.

53. Plaintiff and Beneficiary have suffered through two and a half years of administrative processing by USCIS and DOS, and will continue to suffer through additional administrative processing by USCIS and DOS, to complete the EB-5 process and to obtain immigrant visas to enter the U.S.; this amount of time is entirely unreasonable.

54. Plaintiff has exhausted any and all administrative remedies that may exist. The failure of Defendants to adjudicate Plaintiff's Form I-526 and to make a final decision on Plaintiff's and the Beneficiary's immigrant visa applications in this situation acts as a final administrative action since Plaintiff and Beneficiary are left without any recourse to proceed.

55. This Court has the power to compel Defendants to perform their duty which has been expressly provided for, and Defendants owe the performance of the duty to Plaintiff pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1361.

56. A writ of mandamus is necessary because Plaintiff is entitled to a final adjudication of his Form I-526 and a final decision on Plaintiff's and Beneficiary's immigrant visa applications.

57. Without the power of this Court to compel Defendants to finalize Plaintiff's immigration process, Defendants have the ability to continue returning Plaintiff's immigration case to each other (USCIS to DOS, and vice versa) until Plaintiff is so displeased with his immigration case that he withdraws his Form I-526 and his and Beneficiary's immigrant visa applications from consideration.

58. Defendants are required to proceed to conclude a matter presented to it, here the adjudication of Plaintiff's Form I-526 "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." See 5 U.S.C. § 555(b).

59. A standard for reasonable processing time can be informed by (1) the "sense of Congress," expressed in 8 U.S.C. § 1571, that applications should be processed within 180 days of filing, and (2) current USCIS processing times. See Mohamed v. Dorochoff et al., 2011 U.S. Dist. LEXIS 115577, *14 (N.D. Ill. September 22, 2011).

60. USCIS states that, as of May 31, 2015, the average processing time for a Form I-526 is 13.4 months. **Exhibit C**.

61. Under the Equal Access to Justice Act, unless prohibited by statute, a court may award reasonable fees and attorneys' fees to a prevailing party in a civil action brought against an agency or an official of the United States acting in his or her official capacity. 28 U.S.C. § 2412(b).

WHEREFORE, Plaintiff Ali Shojaie respectfully requests that this Honorable Court:

(a) Issue a writ of mandamus compelling Defendant Johnson, Defendant Rodriguez, and Defendant Colucci, and those acting under them, to perform their duty and immediately adjudicate Plaintiff's I-526 Petition;

(b) In the event USCIS approves Plaintiff's Form I-526, enter an order requiring Defendant Kerry, and those acting under him at the Embassy, to perform their duty and immediately schedule a consulate interview for Plaintiff and Beneficiary by November 1, 2015.

(c) Issue an order compelling Defendant Kerry, and those acting under him at the Embassy, should Defendants Kerry refuse Plaintiff's and Beneficiary's visa applications, to provide immediate written notice to Plaintiff providing Plaintiff with the legal and factual basis for the consular decision that is not inconclusive, speculative, equivocal, or irrelevant, and compelling Defendants Kerry, and those acting under him at the Embassy, to provide Plaintiff with an opportunity to submit evidence to rebut the refusal of Plaintiff's and Beneficiary's visa applications;

(d)      Grant reasonable attorneys' fees and costs of court pursuant to the Equal Access to Justice Act; and

(e)      Grant any other relief this Court deems honorable and just.

                                                                                                      Respectfully submitted,
LAW OFFICES OF KAMELI &
ASSOCIATES, P.C.
/s/ Joseph M. Barnett/
Joseph M. Barnett, Esq.

Law Offices of Kameli & Associates, P.C.
111 E. Wacker Drive, Suite 555
Chicago, Illinois 60601
Telephone: (312) 233-1000
Facsimile: (312) 233-1007

**Date: August 25, 2015**